UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Mark Andrew Steadman, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| v. | Case No. 14-cv-3442 (MJD/JSM) |
| Tom Roy, individually and in his official capacity as the Commissioner of the Minnesota Department of Corrections; Thomas Peckskamp, individually and in his official capacity; Carol Krippner, individually and in her official capacity; and Joseph Jacobs, individually and in his official capacity. | **JURY TRIAL REQUESTED** |
| Defendants. | |

_____

## I.   PRELIMINARY STATEMENT

1. Mark Andrew Steadman was committed to the custody of the Minnesota

   Commissioner of Corrections for a period of 72 months by the Ramsey County

   District Court following his conviction for a felony level alcohol related driving

   offense.  The sentencing court's sentence specifically did not include any period of

   conditional release to be served after expiration of the 72 month sentence.

   Nonetheless, the Minnesota Department of Corrections (hereafter "DOC")

   administratively imposed a five year conditional release term on Mr. Steadman's

   sentence.  When Mr. Steadman's judicially imposed sentence expired on December 9,

   2012, the defendants continued to subject him to DOC supervision under the

   administratively imposed conditional release term though they knew no judge had

imposed a term of conditional release as part of the sentence and though they knew that the DOC had no authority to administratively impose a term of conditional release.  On August 8, 2013, defendant Jacobs caused a warrant to be issued for Mr. Steadman's arrest for alleged violations of the unlawfully imposed conditions of release.  Mr. Steadman was arrested on this warrant on August 26, 2013 and thereafter incarcerated until January 16, 2014 for violating certain conditions of the unlawfully imposed term of conditional release.  As a result of this wrongful imprisonment, Mr. Steadman lost his full-time job, lost nearly five months of his liberty, and suffered other significant damages and injuries.

2.  Plaintiff now commences this action against the above defendants for violations of his rights under the United States Constitution including his right under the Fourteenth Amendment to the United States Constitution to due process of law, specifically his protected liberty interest in being released from custody upon completion of his judicially imposed sentence and not being subject to any post-release supervision or imprisonment except as allowed by a judicially imposed sentence.  Because such constitutional deprivation occurred as the result of the policies, practices, and customs of the Minnesota Department of Corrections; plaintiff brings a claim under 42 U.S.C. § 1983 against Tom Roy, the Commissioner of Corrections, in his official capacity. Plaintiff also brings a claim of false imprisonment under Minnesota Law against the State of Minnesota and the individual defendants in their official capacities.

3.  Plaintiff demands that this action be tried to a jury.

## II.    PARTIES

4.  Mark Andrew Steadman is a resident of the City of New Brighton, County of
    Ramsey, State of Minnesota.

5.  Defendant State of Minnesota is a body corporate and politic organized under the
    authority of Article 2, Section 1 of the Minnesota Constitution.

6.  Defendant Tom Roy at all times relevant hereto was the Commissioner of the
    Minnesota Department of Corrections.  Said defendant is sued in his individual and
    official capacities.

7.  Defendant Thomas Peckskamp at all times relevant hereto was an employee of the
    State of Minnesota, Minnesota Department of Corrections, acting within the course
    and scope of his employment and under color of law.

8.  Defendant Carol Krippner at all times relevant hereto was an employee of the State of
    Minnesota, Minnesota Department of Corrections, acting within the course and scope
    of her employment and under color of law.

9.  Defendant Joseph Jacobs at all times relevant hereto was an employee of the County
    of Ramsey, acting within the course and scope of his employment and under color of
    law.

## III.    JURISDICTION

10. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth
    Amendment to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C.
    §§ 1331, 1343 (a)(3) and (4) and the aforementioned statutory and constitutional

provisions. Plaintiff also invokes the supplemental jurisdiction of the district court under 28 U.S.C. § 1367 as to his claim under Minnesota Law.

## IV.   FACTS

11. On or about January 20, 2011, Tom Roy was appointed as the Commissioner of Corrections for the State of Minnesota by Governor Mark Dayton.  Thereafter, Mr. Roy assumed the powers and duties allowed by law including, but not limited to, imposing conditions of release that the commissioner deems appropriate for persons committed to the custody of the commissioner of corrections under Minn. Stat. § 169A.276, subd. 1 where the sentencing court's sentence provides that the person shall be placed on conditional release for five years after the person has been released from prison as well as the power to revoke the person's conditional release if the person fails to comply with any condition of release.

12. As the Commissioner of Corrections at all times relevant hereto, defendant Roy had final policy making authority for the Minnesota Department of Corrections.

13. On or about August 2, 2004, Mark Andrew Steadman was charged by complaint in Ramsey County District Court with the offense of first degree driving while impaired in violation of  Minn. Stat. § 169A.20, subd. 2; State of Minnesota v. Mark Andrew Steadman, Case Number 62-KX-04-002931.

14. On August 17, 2004, Mark Andrew Steadman pleaded guilty to driving while impaired first degree in violation of Minn. Stat. § 169A.20, subd. 2.

15. On October 14, 2004, plaintiff came for sentencing before the Honorable George Stevenson, Judge of Ramsey County District Court.  On said date Judge Stevenson

sentenced Mr. Steadman to 72 months confinement in the custody of the Minnesota

Department of Corrections with execution of sentence stayed.  The district court's

sentence specifically did not include any requirement or provision that plaintiff be

subject to a 5-year term of conditional release following his release from

imprisonment.

16. On November 5, 2007, Mr. Steadman came before the Honorable Thomas Mott,

Judge of Ramsey County District Court, on a probation violation hearing in Case

Number 62-KX-04-002931.  Mr. Steadman then admitted that he had violated the

conditions of his probation.  Judge Mott then executed the stayed sentence and

imposed a sentence of 72 months imprisonment in the custody of the commissioner of

corrections for the State of Minnesota.  The court specifically did not impose any

requirement that Mr. Steadman be subject to a 5-year term of conditional release

following his release from prison as part of the sentence.

17. Upon Mr. Steadman's commitment to the Minnesota Department of Corrections, the

Ramsey County District Court sent to the Department of Corrections a copy of the

Judgment Upon Conviction/Warrant of Commitment in Case Number 62-KX-04-

00293.  The Judgment shows on its face that the Ramsey County District Court did

not impose a 5-year term of conditional release as part of Mr. Steadman's sentence.

A true and correct copy of the Judgment is attached hereto as Appendix 1 and is

incorporated herein by reference.

18. Thereafter, the Judgment was made part of Mr. Steadman's base file maintained by

the Minnesota Department of Corrections.  As such, the terms of Mr. Steadman's

judicially imposed sentence were known to defendants Roy, Peckskamp, Krippner, and Jacobs.

19. Mr. Steadman was admitted to the Minnesota Department of Corrections on or about November 9, 2007.

20. Sometime on or before December 13, 2007, Mark Andrew Steadman came before the Program Review Team (PRT) at Minnesota Correctional Facility- St. Cloud; the PRT consisting of Mr. Steadman's case worker, Thomas Peckskamp, and Carol Krippner, Ms. Krippner then acting as the PRT chair.

21. As part of this process, an Initial PRT Report was prepared.  Upon information and belief, this report was prepared by defendant Peckskamp and reviewed by defendants Peckskamp and Krippner.

22. Though defendants Peckskamp and Krippner knew or should have known that the Ramsey County District Court did not impose any conditional release term as part of its sentence, said defendants administratively imposed and added a 5-year term of conditional release to Mr. Steadman's sentence though they had no lawful authority to do so.

23. As a result of the unlawful actions of defendants Peckskamp and Krippner, though Mr. Steadman's expiration date from the judicially imposed sentence was December 9, 2012, his conditional release term continued until at least December 10, 2015.

24. Upon information and belief, as a result of the unlawful administrative imposition of the 5-year term of conditional release by defendants Peckskamp and Krippner, subsequent documents generated by the Minnesota Department of Corrections,

including the "Sentence Detail" sheets, erroneously reflected that Mr. Steadman was subject to a 5-year term of conditional release continuing to December 17, 2015.

25. On or about December 20, 2010, Steadman was released from prison and placed on supervised release upon special conditions and standard conditions of release.

26. On or before the date of his release from prison, Steadman was assigned to defendant Joseph Jacobs as a parole agent.

27. At all times relevant hereto, defendant Jacobs was the Ramsey County parole agent for Mark Andrew Steadman.

28. On June 20, 2011, the Minnesota Court of Appeals issued its opinion and decision in *Newcomb v. Tom Roy, Commissioner of Corrections*, 2011 WL 2437489 (Minn.App.2011).  The Minnesota Court of Appeals then reaffirmed already clearly established law that the Commissioner of Corrections, and the Minnesota Department of Corrections, did not have the constitutional authority to require that an offender be subject to a term of conditional release when the sentencing court did not impose a term of conditional release upon the person as a part of its sentence; including specifically that the Commissioner of Corrections lacked the power to impose a 5-year term of conditional release under Minn. Stat. § 169A.276, subd. 1(d) for offenders such as Mr. Steadman who had been convicted of first degree driving while impaired where such term of conditional release was not imposed by the district court as part of its sentence.

29. Thus, certainly from June 20, 2011 onward; defendants Roy, Peckskamp, Krippner and Jacobs knew that, under clearly established law, it was unlawful and

unconstitutional to continue to subject persons such as Mr. Steadman to a 5-year term of conditional release where this was not imposed by the sentencing court as part of its sentence.

30. On or about December 9, 2012, Mr. Steadman's court imposed sentence in Case Number 62-KX-04-002931 expired.

31. Though it had been almost 18 months since the Minnesota Court of Appeals plainly held that the Commissioner of Corrections and the DOC did not have authority to continue to subject Mark Andrew Steadman to an administratively imposed term of conditional release after the expiration of his judicially imposed sentence, defendants Roy, Peckskamp, Krippner and Jacobs thereafter unlawfully continued to subject Mr. Steadman to the conditions of release imposed on or about December 20, 2010 as well as restructured conditions imposed on or about November 6, 2012.

32. Upon information and belief, despite the clear and unambiguous ruling of the Minnesota Court of Appeals in *Newcomb v. Roy*, defendants Tom Roy and the State of Minnesota thereafter continued to engage in the unlawful policy, custom or practice of subjecting persons to administratively imposed terms of conditional release after the expiration of their judicially imposed sentences and continued to unlawfully imprison individuals for violating terms of their administratively imposed conditional release after the expiration of their judicially imposed sentence though they knew or should have known that there was no court imposed term of conditional release.

33. Upon information and belief, these unlawful policies, customs and practices of defendants Roy and the State of Minnesota have continued up to at least June of 2014, if not continuing thereafter.

34. On August 8, 2013, defendant Jacobs caused a warrant to be issued for the arrest of Mark Andrew Steadman for violations of the unlawfully administratively imposed conditions of release that he was not subject to under the terms of the district court's sentence.

35. On August 21, 2013, Mr. Steadman was arrested on this warrant and taken into custody.

36. On August 26, 2013, defendant Jacobs and Debra Ranthum caused to be issued a Uniform Case Report recommending revocation of the unlawfully administratively imposed conditions of release and imprisonment of Mr. Steadman for a minimum of 180 days.

37. On September 6, 2013, a hearing was held before Tara Rathman, hearings and release officer of the Minnesota Department of Corrections.  At said hearing Mr. Steadman admitted that he violated conditions of his unlawfully imposed term of conditional release.  Mr. Steadman was thereafter imprisoned by the Minnesota Department of Corrections and the State of Minnesota for an additional period of 179 days.

38. By approximately December 3, 2013, Debra Fiscewold of the Minnesota Department of Corrections began making inquiries as to why Mr. Steadman was still in custody when, upon information and belief, records contained within the Department of

Corrections files, including the Judgment afore mentioned, showed that the sentencing court did not impose a term of conditional release.

39. Nonetheless, it was not until January 16, 2014, that Mr. Steadman was released from the unlawful term of imprisonment.

40. At the time of his release from prison, Mr. Steadman was given a letter from Eddy Miles, Jr., Warden of Minnesota Correctional Facility- Lino Lakes, which included the following language:

> On November 5, 2007, Ramsey County District Court sentenced you to the commissioner of corrections.  Under the interpretation of the law at that time, the Department added a 5-year term of Conditional Release pursuant to Minn. Stat. § 169A.276, subd 1(d).  The term of Conditional Release has been removed from your sentence and you are hereby discharged as of December 22, 2012…

41. Certainly, as of June 20, 2011, defendants Roy and the State of Minnesota knew that this interpretation of the law as set forth in Warden Miles' letter of January 16, 2014, was unlawful, without authority and unconstitutional, yet continued to follow and apply this unconstitutional policy.

42. As of June 20, 2011, if not earlier, defendants Roy, Peckskamp, Krippner and Jacobs knew that the Department of Corrections and its employees had no authority to impose or enforce a term of conditional release pursuant to Minn. Stat. § 169A.276, subd 1(d) where a term of conditional release was not imposed by the sentencing court as part of its sentence.

43. As of June 20, 2011, if not earlier, defendants Roy, Peckskamp, Krippner and Jacobs knew that it would violate an individual's liberty interest protected by the Fourteenth

Amendment to not release the individual from custody upon completion of a judicially imposed sentence and to subject the individual to any post-sentence-expiration supervision or imprisonment except as authorized by a judicially imposed sentence including continuing to subject any person to a term of conditional release where this was not part of a judicially imposed sentence.

44. Despite such knowledge, and despite the knowledge that as of December 10, 2012, Mark Andrew Steadman was subject to an unlawful and unconstitutional term of conditional release, defendants took no action to have such term of conditional release removed from Mr. Steadman's sentence until finally acting on January 16, 2014.

45. Further, despite such knowledge as set forth in the paragraph above, the defendants took no action between the time of June 20, 2011 and December 9, 2012, to have the Ramsey County District Court impose a term of conditional release upon Mr. Steadman as part of his sentence.

46. At all times relevant hereto, the Minnesota Department of Corrections had within its base file for Mark Andrew Steadman the afore mentioned Judgment of the Ramsey County District Court showing Steadman was not subject to any judicially imposed 5-year term of conditional release and such Judgment and the terms of the sentence were known to defendants.

47. Despite the knowledge of the unlawfulness of the administratively imposed term of conditional release upon Mr. Steadman, defendants Roy, Peckskamp, Krippner and Jacobs caused Mr. Steadman to be wrongfully imprisoned from August 21, 2013

through January 16, 2014, in deprivation of his right to liberty as protected by the Fourteenth Amendment to the United States Constitution.

48. As a result of the actions and omissions of the above-named defendants, plaintiff Mark Andrew Steadman suffered significant injury and damages including the loss of his liberty as a result of his wrongful incarceration from August 21, 2013 through January 16, 2014, and the loss of his full-time job; as a result, Mark Andrew Steadman has in the past and will in the future incur lost wages; as a result he has in the past and will in the future suffer great embarrassment and emotional distress. Therefore, Mark Andrew Steadman has been damaged in an amount greater than Fifty Thousand and no/100 ($50,000) Dollars.

## V.   CLAIM AGAINST THE STATE OF MINNESOTA FOR FALSE IMPRISONMENT UNDER MINNESOTA LAW

49. Plaintiff realleges the above allegations as if here and after set forth in full and further states and alleges as follows.

50. Defendant State of Minnesota; acting by and through its employees including defendants Roy, Peckskamp and Krippner; and defendant Jacobs; caused Mark Andrew Steadman to be imprisoned from on or about August 21, 2013 through on or about January 16, 2014.

51. Such imprisonment was not lawful or legally justifiable.

52. The actions of the State of Minnesota and defendant Jacobs in maintaining Mark Andrew Steadman on conditional release after the expiration of his sentence on December 9, 2012 and thereafter imprisoning him for a conditional release violation

on August 21, 2013 were not pursuant to any duties of any employee of the Department of Corrections that required any discretion as, at least from June 20, 2011 onwards, the defendants knew or should have known that the term of conditional release administratively imposed on Mark Steadman was a nullity and that the Department of Corrections, by and through its employees, lacked any authority or discretion to imprison Mr. Steadman for violating conditions of release the DOC had no power to administratively impose.

53. That as a result of these actions and omissions by the State of Minnesota; by and through its employees including defendants Roy, Peckskamp and Krippner; and defendant Jacobs; Mr. Steadman sustained the injuries and incurred the damages as set forth in paragraph 48 above.

## VI.    CLAIM UNDER 42 U.S.C. § 1983 AGAINST TOM ROY IN HIS OFFICIAL CAPACITY AND THE STATE OF MINNESOTA

54.  Plaintiff realleges the above allegations as if here and after set forth in full and further states and alleges as follows.

55. At all times pertinent hereto, Mark Andrew Steadman had a liberty interest protected by the Fourteenth Amendment to the United States Constitution to be released from custody upon completion of his judicially imposed sentence and not be subject to any post-release supervision or imprisonment except as authorized under a judicially imposed sentence.

56. That such right was clearly established as of December 10, 2012, when the conditional release term unlawfully administratively imposed upon Mr. Steadman by

Tom Roy and the State of Minnesota was continued beyond the date of the expiration of his sentence and as of August 21, 2013, when Mr. Steadman was arrested and imprisoned for a violation of the unlawfully administratively imposed conditions of release.

57. As of December 10, 2012, defendants Roy, Peckskamp, Krippner and Jacobs knew or should have known that Mr. Steadman was not subject to a 5-year term of conditional release under the terms of his judicially imposed sentence and that continuing to subject Mr. Steadman to an administratively imposed term of conditional release would deprive him of the above liberty interest protected by the Fourteenth Amendment to the United States Constitution.

58. As of August 21, 2013, defendants Roy, Peckskamp, Krippner and Jacobs knew that it would violate Mr. Steadman's liberty interest protected by the Fourteenth Amendment above described to arrest and imprison him for violations of conditions of release that were part of a term of conditional release unlawfully imposed by the Department of Corrections and not imposed as part of any judicial sentence.

59. Despite such knowledge, defendants Roy, Peckskamp, Krippner and Jacobs, being deliberately indifferent to Mr. Steadman's liberty interest protected by the Fourteenth Amendment, continued to subject him to supervision by the Department of Corrections under the terms of his conditional release after the expiration of his sentence on December 9, 2012, and caused him to be imprisoned and deprived of his liberty from August 21, 2013 through January 16, 2014, for violations of the

administratively imposed term of conditional release even after his judicially imposed sentence had expired in violation of 42 U.S.C. § 1983.

60. That such constitutional violations occurred as a result of the policies, customs, and practices followed and allowed by defendants Roy and the State of Minnesota including, but not limited to, that defendants Roy and the State of Minnesota continued to follow an interpretation of the law that they knew to be unconstitutional by continuing to subject a significant number of individuals, including Mark Andrew Steadman, to a 5-year term of conditional release added to an offender's sentence by the DOC though no term of conditional release was imposed by the sentencing court as part of its sentence.

61. Defendants Roy and the State of Minnesota continued in such unlawful policy, practice or custom knowing that continuing to do so would likely result in constitutional violations to individuals such as Mark Steadman including the wrongful deprivation of liberty interests protected by the Fourteenth Amendment as described above.

62. Further, defendants Roy and the State of Minnesota as of June 20, 2011, if not before had notice that continuing to subject individuals such as Mr. Steadman to an unlawful administratively imposed term of conditional release had resulted in past and would result in future unconstitutional acts by employees of the Department of Corrections by depriving persons such as Mark Steadman of their liberty interest protected by the Fourteenth Amendment by not releasing them from custody upon completion of their

judicially imposed sentences and by subjecting them to post-release supervision or imprisonment when not authorized under the terms of the judicially imposed sentence.

63. Further, that after June 20, 2011, if not before defendants Roy and the State of Minnesota knew that their training and supervision of DOC employees as to the administrative imposition of a term of conditional release pursuant to Minn. Stat. § 169A.276, subd 1(d) and the continuing enforcement of such administratively imposed conditional release terms, including for alleged violations, was inadequate as said defendants knew that the DOC's interpretation of the law that it could administratively add 5-year terms of conditional release was erroneous and unconstitutional yet failed to train and supervise DOC employees that this was so.

64. Defendants Roy and the State of Minnesota were thus deliberately indifferent to the risk that such inadequate training or supervision of employees of the Department of Corrections would result in violations of individuals' liberty interest protected under the Fourteenth Amendment, such as occurred with Mark Andrew Steadman and other individuals, by not taking prompt, effective and comprehensive action to reasonably assure that such constitutional violations would not occur.

65. As a result of these policies, customs and practices and such failure to train and supervise DOC employees by defendants Roy and the State of Minnesota as described above, plaintiff sustained the injuries and incurred the damages as set forth in paragraphs 48 above.

## VII.   CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS ROY, PECKSKAMP, KRIPPNER AND JACOBS IN THEIR INDIVIDUAL CAPACITIES

66. Plaintiff restates and realleges the above allegations as if here and after set forth in full and further states and alleges as follows.

67. At all times pertinent hereto, Mark Andrew Steadman had a liberty interest protected by the Fourteenth Amendment to the United States Constitution to be released from custody upon completion of his judicially imposed sentence and not be subject to any post-release supervision or imprisonment except as authorized under a judicially imposed sentence.

68. That such right was clearly established as of December 10, 2012, when the conditional release term unlawfully administratively imposed upon Mr. Steadman by defendants Peckskamp and Krippner was continued beyond the date of the expiration of his sentence by defendants Roy, Jacbobs, Peckskamp and Krippner; and as of August 21, 2013 when Mr. Steadman was arrested and imprisoned for a violation of the unlawfully administratively imposed conditions of release by defendants Roy and Jacobs.

69. Defendants Roy, Peckskamp, Krippner and Jacobs knew that plaintiff had not been sentenced to a 5-year term of conditional release by the Ramsey County District Court and also knew, certainly by June 20, 2011, if not before, that the term of conditional release administratively imposed by defendants Peckskamp and Krippner was unlawful, without authority and unconstitutional.

70. Yet, defendants Roy, Peckskamp, Krippner and Jacobs caused Mr. Steadman, and others like him, to be continued to be subject to unlawfully administratively imposed terms of conditional release after the expiration of their sentences yet failed to take any action to excise the unlawful conditional release requirement from the Department of Corrections' records or initiate any efforts to have Mr. Steadman resentenced before the expiration of his sentence and have a judge impose the 5-year term of conditional release.

71. Further, defendants Roy, Peckskamp, Krippner and Jacobs, on August 21, 2013, knowingly caused Mr. Steadman to be arrested and thereafter imprisoned by enforcing conditions of release imposed by the Department of Corrections though said defendants knew that no term of conditional release was authorized under the terms of the judicially imposed sentence.

72. As a result of these actions and omissions by defendants Roy, Peckskamp, Krippner and Jacobs, plaintiff was deprived of his right to substantive due process  as guaranteed by the Fourteenth Amendment to the United States Constitution including the specific liberty interest described in paragraphs 43, 47 and 55 above in violation of 42 U.S.C. § 1983.

73. As a result of the actions and omissions by defendants Roy, Peckskamp, Krippner and Jacobs, plaintiff Mark Andrew Steadman sustained the injuries and incurred the damages as set forth in paragraph 48 above.

## VIII. PUNITIVE DAMAGES

*Count IV:  Punitive Damages Under federal law*

18

74. Plaintiff restates and realleges the above allegations as if here and after set forth in full and further states and alleges as follows.

75. All of the aforementioned acts, errors and omissions of Defendants Roy, Peckskamp, Krippner and Jacobs were committed in bad faith and with reckless disregard for the rights and safety of the plaintiff as well as other citizens so as to subject said Defendants in their individual capacities to punitive damages pursuant to the statutes and common law of the United States of America.

## IX.    PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays that this Court grant him relief as follows:

1. Awarding judgment in favor of Mark Steadman against the defendants jointly and severally, in an amount greater than $50,000.00 as and for compensatory damages.

2. Awarding judgment in favor of Mark Steadman against defendants Roy, Peckskamp, Krippner and Jacobs individually in an amount greater than $50,000.00 as and for punitive damages pursuant to 42 U.S.C. § 1983.

3. Awarding plaintiff Mark Steadman his reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

4. Awarding plaintiff his reasonable costs and disbursements incurred herein.

5. For such other and further relief as to the Court is just and equitable.


GOETZ & ECKLAND P.A.


By: _s/Frederick J. Goetz_____
FREDERICK J. GOETZ (#185425)
Exposition Hall at Riverplace
43 Main Street S.E., Suite 505
Minneapolis, MN 55414
(612) 874-1552

ATTORNEY FOR PLAINTIFF