UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Andrew Steadman, | Civil File No. 14-CV-03442 (MJD/JSM) |
| Plaintiff, | |
| vs. | **DEFENDANTS TOM ROY, CAROL KRIPPNER, THOMAS PECKSKAMP, AND STATE OF MINNESOTA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
| Tom Roy, et al., | |
| Defendants. | |

**INTRODUCTION**

On September 12, 2014, Plaintiff Mark Andrew Steadman filed his Complaint in the present action against Defendants Tom Roy, Thomas Peckskamp, Carol Krippner, Joseph Jacobs, and the State of Minnesota. On October 14, 2014, Steadman filed an Amended Complaint. Defendants Roy and Krippner are current employees of the Minnesota Department of Corrections ("DOC"). Defendant Peckskamp is a former DOC employee, and Defendant Jacobs is employed by Ramsey County. Via 42 U.S.C. § 1983, Steadman alleges that Defendants violated various federal constitutional rights. He also alleges that Defendants falsely imprisoned him in violation of Minnesota tort law. He seeks damages, costs, and attorney's fees. This Court should dismiss all Section 1983 claims against Roy, Krippner, Peckskamp, and the State of Minnesota because Steadman did not bring a prior successful habeas corpus action before commencing this action, nor has he alleged sufficient personal involvement by Roy in connection with his alleged claims. Because all federal claims against Roy, Krippner, Peckskamp, and the State of

Minnesota are subject to dismissal, the Court should decline to exercise supplemental jurisdiction over Steadman's state law claims.

## FACTS

Steadman alleges that he was incarcerated by the Minnesota DOC following the execution of his criminal sentence on November 5, 2007. Amend. Compl. (Doc. No. 12) at ¶ 16. Steadman was released from prison in December 2010 and placed on supervised release with certain conditions of release. *Id.* at ¶ 25. Steadman alleges that he was unlawfully subjected to these conditions of release. *Id.* at ¶ 31. On September 6, 2013, Steadman admitted he violated terms of his conditional release, and he was imprisoned by the DOC for 179 days. *Id.* at ¶ 37. The DOC eventually released Steadman from prison on January 16, 2014. *Id.* at ¶ 39.

Defendant Tom Roy is the DOC's Commissioner. *Id.* at ¶ 6. Steadman alleges that Roy "assumed the powers and duties" for imposing conditions of release he deemed appropriate for persons incarcerated with the DOC, and he had "final policy making authority for the [DOC]." *Id.* at ¶¶ 11-12. Steadman also generally alleges that the terms of Steadman's sentence "were known" to Roy, and as of June 20, 2011, Roy knew that it was unlawful "to subject persons such as Mr. Steadman to a 5-year term of conditional release where this was not imposed by the sentencing court as part of its sentence." *Id.* at ¶¶ 18, 29. Steadman alleges that Roy unlawfully subjected him to a term of conditional release following his court-imposed sentence. *Id.* at ¶ 31.

Steadman alleges that in December 2007, Thomas Peckskamp was Steadman's case worker, and Defendant Carol Krippner was the acting chair of the Program Review

Team ("PRT") at the St. Cloud Minnesota Correctional Facility. *Id*. at ¶ 20. Steadman alleges that at that time he came before the PRT, which consisted of Krippner and Peckskamp, and that as part of the review process, Peckskamp, prepared an Initial PRT report, which Krippner and Peckskamp reviewed. *Id*. at ¶¶ 20-21. Steadman further alleges that Peckskamp and Krippner administratively imposed a five year conditional release period onto his sentence. *Id*. at ¶ 22. Steadman also generally alleges that as of June 20, 2011, Krippner and Peckskamp knew that it was unlawful "to subject persons such as Mr. Steadman to a 5-year term of conditional release where this was not imposed by the sentencing court as part of its sentence." *Id.* at ¶ 29.

Steadman alleges that Defendants Roy, Krippner, Peckskamp, and the State of Minnesota unlawfully incarcerated him for nearly five months in violation of the United States Constitution and state tort law. He does not allege, however, that he sought habeas corpus relief at any time during that period, and the state and federal docketing systems do not reveal any such proceedings. Moreover, Steadman fails to provide any facts demonstrating Roy's personal involvement with any of his alleged claims.

## ARGUMENT

**I.  STANDARD OF REVIEW FOR A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all factual allegations and view them in the light most favorable to the plaintiff. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002).

The court must grant the motion when the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

## II.    STEADMAN'S SECTION 1983 CLAIMS ARE BARRED BY *HECK V. HUMPHREY.*

Steadman's Section 1983 claims are barred because he seeks damages based on alleged unlawful incarceration, but he did not first successfully establish through a habeas corpus action that the DOC unlawfully incarcerated him. In *Heck v. Humphrey,* the United States Supreme Court held that if a judgment favorable to a prisoner in a Section 1983 action would necessarily imply the invalidity of the prisoner's conviction or the length of the prisoner's sentence, then a Section 1983 action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486-87. Habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). Thus, in the prison context, if an offender challenges a prison decision that lengthens the offender's confinement, then the offender's Section 1983 damages claim does not arise until he has first succeeded in a habeas corpus proceeding. *See Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Marlowe v. Fabian*, 676 F.3d 743, 746-47 (8th Cir. 2012) (applying *Heck* to inmate's allegations that prison officials held him 375 days past his

4

release date); *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (applying *Heck* to challenge to revocation of parole).

In his Complaint, Steadman alleges that DOC employees violated his constitutionally protected liberty interest and right to due process when they allegedly unlawfully imprisoned him for violating conditions of his release. As Steadman is seeking to invalidate the DOC's decision to extend his incarceration, Steadman is challenging the fact or length of his confinement. Thus, because no federal or state court has previously invalidated the DOC's decision to imprison Steadman for violating his conditions of release, Steadman's Section 1983 claims based on that decision never arose, and Steadman's federal claims for monetary damages are precluded. The Court, therefore, must dismiss Steadman's Section 1983 claims.

Steadman may argue that *Heck* does not bar his claims because he is no longer incarcerated and habeas corpus is no longer an available remedy for him. The rule in *Heck* applies, however, even where the remedy of habeas corpus is no longer available. *Heck*, 512 U.S. at 490 n.10; *Marlowe*, 676 F.3d at 747; *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007); *see also Williams*, 453 F.3d at 177-78; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *Figueroa v. Rivera*, 147 F.3d 77, 80 (1st Cir. 1998). Steadman's release from prison and inability to bring a habeas corpus petition do not preclude application of *Heck*'s holding. Because Steadman is challenging allegedly unlawful incarceration, and he did not bring a prior successful habeas corpus action, he does not have a claim for relief under Section 1983 and the Court must dismiss his claims.

### III. STEADMAN CANNOT MAINTAIN A SECTION 1983 CAUSE OF ACTION AGAINST DEFENDANT ROY IN HIS OFFICIAL CAPACITY OR AGAINST THE STATE OF MINNESOTA.

Section 1983 provides in pertinent part:

> ***Every person*** who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

42 U.S.C. § 1983 (emphasis added). It is well settled that neither the State, a state agency, nor public officials acting in their official capacities are "persons" for purposes of Section 1983 liability. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (affirming dismissal of state court Section 1983 action against state agency); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991). Suing a state officer in his or her "official capacity" is merely another form of suing the State. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, the Court should dismiss Steadman's Section 1983 official capacity claim against Defendant Roy, and his Section 1983 claim against the State of Minnesota, for failure to state a claim upon which relief may be granted.

### IV. THE ELEVENTH AMENDMENT BARS STEADMAN'S CLAIMS FOR DAMAGES.

Absent consent or Congressional enactment to the contrary, the Eleventh Amendment bars actions for damages against a state in federal court. *Kentucky*, 473 U.S. at 169; *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This bar applies with equal force to damages claims against state officials sued in their official capacities in federal court. *See Will*, 491 U.S.

at 71; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). When an action is barred by the Eleventh Amendment, a federal court must dismiss it. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72-73, 76 (1996).

Steadman's requested relief includes claims for damages. Amend. Compl. at Prayer For Relief. As the State has not waived its Eleventh Amendment immunity from a suit for damages brought in federal court, and Steadman has sued the State of Minnesota and Defendants Roy, Krippner, and Peckskamp in their official capacities, the Court should dismiss Steadman's claims for damages.

## V. STEADMAN HAS NOT ALLEGED SUFFICIENT PERSONAL INVOLVEMENT BY ROY.

In addition, the Court should dismiss Steadman's claims against Roy because Steadman has not alleged sufficient personal involvement. Steadman's allegations against Roy appear to state that Roy failed to supervise staff regarding the conditions of release imposed upon following his incarceration. Even if Steadman had established a federal cause of action related to these claims, such claims fail under Section 1983 because Section 1983 requires personal involvement of a defendant before liability may be imposed, and *respondeat superior* cannot form the basis of a Section 1983 claim. *See Rizzo v. Goode*, 423 U.S. 362, 376-77 (1976); *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). While a court may impose liability on a government official under Section 1983 for failure to train or supervise subordinates, *see, e.g., Hahn v. McLey*, 737 F.2d 771, 773 (8th Cir. 1984), a plaintiff must show an "affirmative link" between the occurrence of a subordinate's misconduct and the adoption of any plan or policy by

7

the defendant showing his authorization or approval of such misconduct. *Rizzo*, 423 U.S. at 371. Absent a showing that the supervisory officer was directly and personally involved in the alleged misconduct, a Section 1983 action will not lie against that officer. *Harris v. Pirch*, 677 F.2d 681, 685 (8th Cir. 1982). A prison official's general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement necessary for individual liability. *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983).

Steadman fails to allege any facts demonstrating sufficient personal involvement by Roy with the allegations set forth in his Complaint. Rather, Steadman makes general allegations that Roy had the power and authority to impose conditions of release for incarcerated persons and that the terms of Steadman's sentence "were known" to Roy. Amend. Compl. at ¶¶ 11, 18. Although Steadman generally alleges that Roy unlawfully subjected him to conditions of release following his sentence, he does not allege that Roy specifically recommended or implemented the conditions of his release. *See id.* at ¶ 31. Rather Steadman alleges that Defendant Peckskamp and Krippner imposed the alleged unlawful conditions of release onto his sentence. *Id.* at ¶ 22. Thus, Steadman has failed to allege sufficient personal involvement to state a claim for relief against Roy under Section 1983. *See Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) (holding that inmate who fell off roof while working at prison failed to establish sufficient Section 1983 personal involvement by prison director when evidence only showed that director had visited worksite and did not show that director had any additional involvement in or awareness of alleged events).

## VI. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STEADMAN'S STATE TORT CLAIMS.

Steadman has also alleged state law tort claims against Defendants Roy, Krippner, Peckskamp, and the State of Minnesota. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all federal claims over which it has original jurisdiction. Should the Court grant Defendants Roy, Krippner, Peckskamp, and the State of Minnesota's motion to dismiss Steadman's Section 1983 claims, the Court should also dismiss Steadman's state law claims as there will be no federal question remaining in the lawsuit with respect to these Defendants.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion and dismiss all claims against Defendants Roy, Krippner, Peckskamp, and the State of Minnesota.

Dated: October 21, 2014

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

s/ **Lindsay K. Strauss**
LINDSAY K. STRAUSS
Assistant Attorney General
Atty. Reg. No. 0395688
445 Minnesota Street, Suite 900
St. Paul, MN 55101-2127
Telephone: (651) 757-1404
Fax: (651) 297-4139
lindsay.strauss@ag.state.mn.us

ATTORNEY FOR DEFENDANTS ROY, KRIPPNER, PECKSKAMP, AND STATE OF MINNESOTA